IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,728-01




EX PARTE JUAN REYES RIVERA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 08-CR-1123-C IN THE 94TH DISTRICT COURT
FROM NUECES COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual
abuse of a child and sentenced to life imprisonment without possibility of parole. The Thirteenth
Court of Appeals affirmed his conviction. Rivera v. State, No. 13-09-00623-CR (Tex. App. –
Corpus Christi, March 10, 2011, pet. ref’d).
            On January 9, 2012, this Court remanded to the trial court to obtain affidavits and findings
addressing Applicant’s claims that his trial counsel rendered ineffective assistance. On May 3, 2013,
this Court received the supplemental record, which included an affidavit from trial counsel and
findings of fact from the trial court. The trial court recommends that relief be denied. 
            Applicant alleges, inter alia,


 that his trial counsel was ineffective for failing to challenge
prior convictions used to enhance his punishment. In his affidavit, counsel states that no prior
convictions were used for the purpose of punishment enhancement. The trial court finds that the
charge in this case was not enhanced with any prior convictions. However, the judgment in this case
reflects that Applicant received a sentence of life imprisonment without possibility of parole. A
sentence of life without parole is available only under specific circumstances. Under Section
12.42(c)(4) of the Texas Penal Code, the sentence is available for the offense of continuous sexual
abuse of a child only if the defendant has previously been finally convicted of certain sexual
offenses. If no prior convictions were used in this case to enhance punishment, there is nothing in
the record to support a sentence of life without possibility of parole.
            In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of the punishment charge,
the jury’s punishment verdict, and a transcript of the punishment proceedings in this case. The trial
court shall make findings of fact and conclusions of law as to what evidence was presented during
the punishment stage of Applicant’s trial to support the imposition of a sentence of life without
possibility of parole. If the sentence was based on a prior conviction for one of the offenses
enumerated in Section 12.42(c)(4) of the Texas Penal Code, the trial court shall state whether trial
counsel investigated the validity of or challenged the admissibility of such a prior conviction. The
trial court shall make findings of fact and conclusions of law as to whether the performance of
Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: June 5, 2013
Do not publish